995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. DENNIE; Dolly M. Dennie, Plaintiffs-Appellants,
v.
Linda B. RIEGLE, District of Nevada Bankruptcy Judge;
Jeffrey G. Sloane; Gary E. Schnitzer; Wells,
Kravitz, Schnitzer & Sloane, et al.,
Defendants-Appellees.
 No. 92-16648.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Dennie and Dolly M. Dennie, pro se, appeal the dismissal of their 42 U.S.C. § 1983 action against a Federal Bankruptcy Judge, two attorney's, and a law firm. The district court dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6) and 12(c). We affirm.
 
 
 3
 * The current action is based upon a prior action heard in United States Bankruptcy Court, case No. BK-85-01264-LBR. The Dennies alleged that a financial institution had foreclosed on their property in violation of an automatic stay. Bankruptcy Judge Linda B. Riegle heard the case. Jeffrey G. Sloan and Gary E. Schnitzer were counsel for the financial institution. After lengthy litigation, the Dennies were awarded damages.
 
 
 4
 The same property involved in the bankruptcy action was foreclosed upon on July 23, 1992. As part of their desired relief in this civil rights action, the Dennies requested an injunction barring the foreclosure sale.
 
 II
 
 5
 We review dismissal of a complaint for failure to timely serve the summons and complaint for abuse of discretion. West Coast Theater Corp. v. Portland, 897 F.2d 1519, 1528 (9th Cir.1990). Judge Reigel was not served; moreover, all her actions fell under her proper exercise of judicial authority.
 
 
 6
 We review questions of mootness de novo. Williams v. United States Gen. Servs. Admin., 905 F.2d 308, 310 (9th Cir.1990). An appeal is moot if we can no longer grant effective relief. United States v. State of Oregon, 718 F.2d 299, 302 (9th Cir.1983). At the time of the preliminary injunction hearing, the property at issue had already been sold at a foreclosure sale.
 
 
 7
 We review dismissal for failure to state a claim under Fed.R.Civ.P. de novo. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc). We limit our review to the contents of the complaint. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. A complaint will not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.
 
 
 8
 Any case under § 1983 must demonstrate both a deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States, and causation of such deprivation by a person or entity acting under color of state law within the meaning of the Fourteenth Amendment. 42 U.S.C. § 1983. There are no state actors implicated in this case. After review of the record, it is clear that the Dennies did not and cannot show state action in this case.
 
 III
 
 9
 The dismissal of this action by the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3